FRANCIS MURPHY, Appellant, *against* JOHN VOORHIS, Respondent.

(Decided April 3d, 1882.)

In an action to recover treble damages, under L. 1879, c. 168, for alleged extortion in exacting dockage for a canal boat lying and unlading at a bulkhead claimed by the defendant to be his private property, the burden of proof is on the plaintiff to show that the bulkhead was within the class of bulkheads to which the act of the legislature fixing dockage and wharfage charges is applicable.

APPEAL from a judgment of the district court in the City of New York for the Ninth Judicial District.

The facts are stated in the opinion.

*M. J. Earley*, for appellant.

*Lydecker & Romaine*, for respondent.

VAN HOESEN, J.—The plaintiff sued to recover treble damages under chapter 168 of the Laws of 1879, for alleged extortion of wharfage by the defendant. The defendant is the owner of a wharf at the foot of 112th street, East river, and is also the owner of the bulkhead between 112th and 113th streets. The charge made for wharfage at the wharf is not complained of, but the complaint is that the defendant

exacted three dollars per day as dockage for a canal boat lying and unloading at the bulkhead already mentioned. In order to establish his right of action, it was necessary that the plaintiff should show that the bulkhead was within that class of bulkheads to which the act of the legislature which fixes dockage and wharfage charges is applicable. The defendant insists that the bulkhead is the boundary of upland, which is his private property, and that it was for the use of this upland, and not for the use of any bulkhead that was constructed on the bulkhead line or line of solid filling, under chapter 763 of the Laws of 1857, that the sum of three dollars per day was demanded. As I have said, the burden of proof was on the plaintiff, and it was for him to show that the bulkhead was subject to the act of the legislature regulating wharfage charges. The statute under which he sued is highly penal, and no presumptions against the defendant were to be indulged. The plaintiff contented himself with proving that the agent of the defendant demanded three dollars per day for the use of the property, on the ground that it was private property, and not a bulkhead that was within the terms of the act limiting the rates of dockage and wharfage. The plaintiff offered no evidence to show that the upland was a highway, or that he was entitled to pass over it without the defendant's permission, for the purpose of reaching the bulkhead. If, in point of fact, it was necessary for him to obtain the defendant's leave to cross over the upland, and if he agreed to pay, and did pay, for such permission, he can not recover the money so paid. Extortion in wharf charges, not extortion for a license to pass over private property contiguous to a river, is the act which it is the design of the statute to punish. The plaintiff failing to prove what kind of a bulkhead this was, and also failing to prove that he had a right to cross over the defendant's upland without leave, there was no evidence on which the justice could have given judgment in his favor.

Van Brunt, J., concurred.

Judgment affirmed, with costs.